**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **ABC IP, LLC**, a Delaware limited liability company, | ) ) ) CASE NO. 1:25-CV-1262 |
| and | ) ) **Plaintiffs' Answer to Defendants'** |
| **RARE BREED TRIGGERS, INC.**, a Texas corporation, | ) **Amended Answer and** ) **Counterclaims** ) |
| Plaintiffs. | ) ) |
| v. | ) ) |
| **80MILLS LLC**, d/b/a Tactical Titan Supply, a Wyoming limited liability company, | ) ) ) |
| and | ) ) |
| **Pearson Gardner**, an individual, | ) ) |
| Defendants. | ) |

## ANSWER TO DEFENDANTS' COUNTERCLAIMS

Plaintiff and Counterclaim Defendants' ABC IP, LLC ("ABC") and Rare Breed Triggers, Inc ("Rare Breed") (collectively the "Counterclaim Defendants'"), by and through its attorneys, hereby answers Defendants' and Counterclaim Plaintiffs 80Mills LLC., d/b/a Tactical Titan Supply ("80Mills") and Pearson Gardner ("Gardner"), (collectively the "Counterclaim Plaintiffs"), Counterclaims as follows:

### THE PARTIES

1. Counterclaim Defendants admit the allegations in Paragraph 1.

2. Counterclaim Defendants admit the allegations in Paragraph 2.

3. Counterclaim Defendants admit the allegations in Paragraph 3.

4. Counterclaim Defendants admit the allegations in Paragraph 4.

1

## JURISDICTION

5. Counterclaim Defendants admit the allegations in Paragraph 5.

6. Counterclaim Defendants admit the allegations in Paragraph 6.

## BACKGROUND

7. Counterclaim Defendants admit the allegations in Paragraph 7.

8. Counterclaim Defendants admit the allegations in Paragraph 8.

9. Counterclaim Defendants admit the allegations in Paragraph 9.

## COUNT I:
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '247 PATENT

### Prosecution of the '247 Patent

10. Counterclaim Defendants respond as set forth in the preceding paragraphs.

11. Counterclaim Defendants admit the allegations in Paragraph 11.

12. Counterclaim Defendants admit the allegations in Paragraph 12.

13. Counterclaim Defendants deny the allegations in Paragraph 13.

14. Counterclaim Defendants deny the allegations in Paragraph 14.

15. Counterclaim Defendants admit the allegations in Paragraph 15.

16. Counterclaim Defendants admit the allegations in Paragraph 16.

17. Counterclaim Defendants admit the allegations in Paragraph 17.

18. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

19. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

20. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

21. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

22. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

23. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

24. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

25. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

26. Counterclaim Defendants deny the allegations in Paragraph 26.

### FRT-15-3MD PRIOR ART

27. Counterclaim Defendants assert that the structure of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art.

28. Counterclaim Defendants lack information necessary to either admit or deny the allegations in Paragraph 28.

29. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

30. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

31. Counterclaim Defendants admit the allegations in Paragraph 31, but state that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,013 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD.

32. Counterclaim Defendants admit the allegations in Paragraph 32, but state that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO as prior art in the application that became the '247 Patent. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,013 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD.

33. Counterclaim Defendants admit the allegations in Paragraph 33, but state that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO as prior art in the application that became the '247 Patent. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,013 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD.

34. Counterclaim Defendants admit the allegations in Paragraph 34 and state that the patent that claimed priority to this provisional application was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement

submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,013 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD.

35. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

36. Counterclaim Defendants acknowledge that the referenced documents speak for themselves and denies that any relevant disclosure was missing from the cited prior art.

37. Counterclaim Defendants acknowledge that the referenced documents speak for themselves and denies that any relevant disclosure was missing from the cited prior art.

38. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

39. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

40. Counterclaim Defendants deny the allegations in Paragraph 40.

41. Counterclaim Defendants deny the allegations in Paragraph 41 and states that the Examiner was aware of the structure of the FRT-15-3MD as prior art and found the claims patentable.

42. Counterclaim Defendants deny the allegations in Paragraph 42 and state that the Examiner was aware of the structure and operation of the FRT-15-3MD as prior art and found the claims patentable.

43. Counterclaim Defendants deny the allegations in Paragraph 43. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application

disclosed U.S. Patent No. 11,724,013 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD.

44. Counterclaim Defendants deny the allegations in Paragraph 44 and state that the Information Disclosure Statement filed in the '225 Application was on behalf of all parties who had a duty of disclosure.

45. Counterclaim Defendants deny the allegations in Paragraph 45.

46. Counterclaim Defendants admit *Rare Breed Triggers, LLC v. Strbac,* Case No. 1:22-cv-280 (N.D. of Ohio) was dismissed in October 2022 and state that the structure and operation of the FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,013 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD.

47. Counterclaim Defendants deny the allegations in Paragraph 47.

## RARE BREED FRT-15E3 PRIOR ART

48. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

49. Counterclaim Defendants deny that the referenced video confirms details about the FRT-15E3.

50. Counterclaim Defendants deny that an enabling disclosure of the FRT-15E3 was made to the public before the effective filing date of the '225 Application.

51. Counterclaim Defendants deny the allegations in Paragraph 51.

52. Counterclaim Defendants deny the allegations in Paragraph 52.

53. Counterclaim Defendants acknowledge that the referenced documents speak for themselves and deny the remaining allegations of Paragraph 53.

54. Counterclaim Defendants acknowledge that the referenced documents speak for themselves and deny the remaining allegations of Paragraph 54.

55. Counterclaim Defendants acknowledge that the referenced documents speak for themselves and deny the remaining allegations of Paragraph 55.

56. Counterclaim Defendants deny the allegations in Paragraph 56.

57. Counterclaim Defendants deny the allegations in Paragraph 57.

58. Counterclaim Defendants deny the allegations in Paragraph 58.

59. Counterclaim Defendants deny the allegations in Paragraph 59 and deny that the FRT-15E3 is prior art.

60. Counterclaim Defendants deny the allegations in Paragraph 60 and deny that the FRT-15E3 is prior art.

61. Counterclaim Defendants admit the allegations in Paragraph 59 and deny that the FRT-15E3 was prior art.

62. Counterclaim Defendants deny the allegations in Paragraph 62.

## THE '247 PATENT IS UNENFORCEABLE

63. Counterclaim Defendants deny the allegations in Paragraph 63.

64. Counterclaim Defendants admit that the Defendants request a declaration of unenforceability, but deny that such relief is justified.

## COUNT II:
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '247 PATENT

65. Counterclaim Defendants repeat and re-allege its answers to paragraphs 1-64 as if set forth fully herein.

66. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

67. Counterclaim Defendants admit the allegations in Paragraph 67.

68. Counterclaim Defendants admit the allegations of Paragraph 68 but assert that the structure and operation of the FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,013 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD.

69. Counterclaim Defendants deny the allegations in Paragraph 69.

70. Counterclaim Defendants admit the allegations in Paragraph 70.

71. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

72. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

73. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

74. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

75. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

76. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

77. Counterclaim Defendants acknowledge that the referenced documents speak for themselves.

78. Counterclaim Defendants assert that the structure and operation of the FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,013 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD.

79. Counterclaim Defendants deny the allegations in Paragraph 79.

80. Counterclaim Defendants acknowledge that the referenced documents speak for themselves and that the structure and function of the FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,013 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD.

81. Counterclaim Defendants deny the allegations in Paragraph 81.

82. Counterclaim Defendants admit that Defendants request a declaration form this court, but deny that such a declaration is justified.

**AFFIRMATIVE DEFENSES**

Pursuant to Fed. R. Civ. P. 8(c), and without admitting or acknowledging that it bears the burden of proof as to any of them, ABC and Rare Breed assert the following affirmative defenses to Defendants'/Counterclaim Plaintiffs' Counterclaims.

1. The Counterclaims fail to state a claim upon which relief can be granted.

2. Defendants' counterclaims fail in whole or in part under principles of equity, including, without limitation, because of Plaintiffs' unclean hands and acts done in bad faith.

## RESERVATION OF RIGHTS

In asserting these defenses, Counterclaim Defendants have not knowingly or intentionally waived any applicable defenses. Counterclaim Defendant's reserve the right to assert and rely upon any other applicable defenses that may become available or apparent during the course of this action, including discovery. Counterclaim Defendants' reserve the right to amend or seek to amend its answer or affirmative defenses.

## PRAYER FOR RELIEF

ABC and Rare Breed deny that Counterclaim Plaintiffs are entitled to any of the relief requested and also deny that such requested relief could properly be granted to Counterclaim Plaintiffs. ABC and Rare Breed request that the Court dismiss and/or deny any relief for any of the asserted Counterclaims.

October 14, 2025

Respectfully submitted,

 /Glenn D. Bellamy/
Glenn D. Bellamy (Ohio Bar No. 0070321)
Wood Herron & Evans LLP
600 Vine Street, Suite 2800
Cincinnati OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2025, I electronically filed the foregoing with the Clerk of the United States District Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                                                        *s/ Glenn D. Bellamy*
                                                        Glenn D. Bellamy